# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

LATRAIL PAYNE, §
(TDCJ #2051862) §
§
Petitioner, §
§
v. §    CIVIL ACTION NO. 4:18-cv-2196
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
§
Respondent. §

## MEMORANDUM OPINION AND ORDER

Latrail Payne, a Texas state inmate, has filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2254, to challenge his 2016 state-court conviction for aggravated

robbery with a deadly weapon.[1] The respondent, Lorie Davis, has answered with a motion

for summary judgment, arguing that Payne is not entitled to the relief he seeks.[2] Payne has

filed a response.[3] Also pending before the Court are Payne's motion for discovery and

motion to exclude relevant evidence.[4]

Based on careful consideration of the pleadings, the motion, the record, and the

applicable law, this Court finds that there are no genuine factual disputes material to

---

[1] Docket Entry No. 1.
[2] Docket Entry No. 13.
[3] Docket Entry No. 15.
[4] Docket Entry Nos. 16, 18.

deciding the claims and that the respondent is entitled to summary judgment as a matter of law. The reasons are explained below.

## I.    Procedural Background and Claims

Payne is in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ) as the result of a state-court felony conviction in Harris County Cause Number 1471584. Following a jury trial, Payne was convicted of aggravated robbery with a deadly weapon. On February 24, 2016, the jury sentenced Payne to a 12-year prison term.

The First Court of Appeals of Texas affirmed Payne's conviction on direct appeal. *Payne v. State*, No. 01–16–00170–CR, 2017 WL 117325 (Tex. App.—Houston [1st Dist.] Jan. 12, 2017). The Texas Court of Criminal Appeals refused Payne's petition for discretionary review. *Payne v. State*, No. PD–0088–17. (Tex. Crim. App. March 22, 2017).

In January 2017, Payne filed his first application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Payne*, Application No. WR-86,773-01. In June 2017, the Court of Criminal Appeals dismissed the application because Payne's conviction was not yet final. *Id.* In June 2017, Payne filed his second state habeas application. *Ex parte Payne*, Application No. WR-86,773-02. The Court of Criminal Appeals denied the application, without written order or a hearing, on the findings of the trial court in May 2018. *Id.*

In his federal habeas petition, executed on June 20, 2018, Payne raises the following grounds for relief:

1. The trial court engaged in judicial misconduct, or abused its discretion, by denying Payne's motion to remove counsel from his case.

2. Trial counsel rendered ineffective assistance because he:
   a. failed to conduct an independent investigation into Payne's alibi and other exculpatory evidence;
   b. failed to interview witnesses and Payne's co-defendant;
   c. failed to present any defense;
   d. failed to adequately cross-examine the State's witnesses; and
   e. failed to file a motion for discovery.

3. The State engaged in prosecutorial misconduct by withholding exculpatory evidence.[5]

The respondent argues that the petition should be denied because Payne's claims are unexhausted, procedurally barred, or without merit. Each claim and argument is analyzed against the record and the applicable legal standards.

## II. Factual Background

On June 11, 2015, Dashana Waller was working as a manager at a GameStop store in Houston, Texas. While Waller was dusting in the back of the store, a man, later identified as Payne, walked inside and pulled a mask down over his face. Payne then pulled out a gun and pointed it at Waller as he started walking towards her. Payne told Waller to give him everything in the register. Waller walked to the register and handed Payne all of the money. The money included a rubber-banded bundle of money with a GPS tracker

---

[5] Docket Entry No. 1, at 6–7, 16–33.

3

designed to immediately notify law enforcement and the store's district manager when the bundled money is removed from the register. Payne took the money and walked out of the store, after turning around once to look at Waller again.

Although security usually patrols the parking lot area outside the store, Waller did not see them during the robbery. After Payne left the store, Waller immediately called 911 and pushed the security button located under the register. A police officer arrived at the store in under five minutes. At that time, Waller provided a description of the robber's attire and build. She was unable to otherwise identify Payne because he was wearing a mask.

Based on the report of an aggravated robbery and the signal from the GPS tracker, the police conducted a traffic stop of a vehicle and detained both the driver and the passenger. There was a pile of money on the floor in plain view, along with a red shirt and hat previously identified by Waller and visible on a surveillance video from GameStop. The police also discovered a firearm in between the console and the front passenger seat and a black mask near the shirt and hat.

Approximately twenty minutes after Waller provided a description of the suspect, the police informed Waller that they had apprehended the person they believed had committed the robbery. That same day, the police returned all the money, along with the GPS tracker, that had been taken from the GameStop register.

## III.   The Applicable Legal Standards

Payne's petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state-court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.   In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31. This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

The respondent has moved for summary judgment. Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. Congress, through AEDPA, has constricted both the nature and availability of habeas review. This Court, therefore, applies general summary judgment standards only insofar as they do not conflict with the language and intent of AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Finally, Payne is a *pro se* petitioner. *Pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Payne's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## IV.   Discussion

### A.   The Unexhausted and Procedurally Barred Claims

Payne raises two of his claims in federal court for the first time. The claims not previously raised include that: (1) trial counsel was ineffective for failing to file a motion

for discovery; and (2) the State engaged in prosecutorial misconduct by withholding exculpatory evidence in violation of *Brady*. The respondent contends that these claims are unexhausted and procedurally defaulted.[6]

A federal court may not grant habeas corpus relief on behalf of a person in state custody unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). To satisfy this requirement, a claim must be "fairly presented" to the state's highest court for review. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999) (citing *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1984)). The doctrine of exhaustion "require[s] a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001) (quoting *Picard v. Conner*, 404 U.S. 270, 276 (1971)) (emphasis in the original).

The record confirms that Payne did not raise either his claim that trial counsel was ineffective for failing to file a motion for discovery or his claim of prosecutorial misconduct in his direct appeal or in a properly filed state habeas application.[7] He did not

---

[6] Docket Entry No. 13, at 9–13.
[7] Although Payne raised several claims of ineffective assistance of trial counsel in his state habeas application, he did not raise an ineffective-assistance claim on the basis of counsel's alleged failure to move for discovery. The exhaustion requirement is not met if a petitioner presents new legal theories or factual claims in his federal petition. *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982); *Bagwell v. Dretke*, 372 F.3d 748, 755–56 (5th Cir. 2004) (petitioner's federal claim that counsel

exhaust his available state-court remedies as to these claims, and these unexhausted claims are procedurally defaulted because the state court would now find them procedurally barred. "[I]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000) (citations omitted). Payne's unexhausted claims could have been raised in his state habeas application. A successive petition raising these claims in state court would be barred by the Texas abuse-of-the-writ statute. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a). This default is an adequate state procedural ground to bar state, and therefore federal, review of the unexhausted claims, unless an exception applies. *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)).

To show an exception for federal habeas review, a petitioner who has procedurally defaulted a claim in state court must demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish a fundamental miscarriage of justice, a petitioner must

---

was ineffective for denying him his right to testify was unexhausted because it was not raised in state court, even though petitioner raised several other ineffective-assistance claims in state court); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("it is not enough that the facts applicable to the federal claim were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("where petitioner advances in federal court an argument based on a legal theory distinct from the relied upon in the state court, he fails to satisfy the exhaustion requirement").

provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). A claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). A petitioner seeking to overcome a procedural default by showing "actual innocence" must support his allegations with new, reliable evidence that was not presented at trial. The petitioner must show that it is more likely than not that, in light of the new evidence, no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). Payne does not present any new evidence or demonstrate a viable actual-innocence claim under *Schlup*. Nor does he demonstrate cause for his default. Absent a showing of cause, a court need not consider whether there is actual prejudice. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992) (citations omitted).

Procedural default bars Payne's claims that trial counsel was ineffective for failing to file a motion for discovery and that the State engaged in prosecutorial misconduct.

## B. The Remaining Claims

### 1. The Claim of Trial-Court Error

In his first ground for relief, Payne alleges that the trial court erred when it denied Payne's motion to remove trial counsel. The respondent contends that this claim is procedurally barred from federal habeas review.[8]

---

[8] Docket Entry No. 13, at 13–14.

Federal review of a claim is procedurally barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–04 (1991). It is well settled under Texas jurisprudence that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal. *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). The federal courts recognize Texas's procedural default rule concerning the requirements that record claims must be raised on direct appeal. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005).

The state habeas court found that Payne failed to raise his claim of trial-court error on direct appeal and concluded that he was procedurally barred from raising it for the first time on state habeas review.[9] In rejecting this claim, the Texas Court of Criminal Appeals adopted the state habeas court's findings.[10] Because Payne did not raise this claim on direct appeal and the last court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default, his claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. Payne does not demonstrate cause or prejudice and is not entitled to relief on this claim.

## 2. The Claims of Ineffective Assistance of Trial Counsel

Payne alleges he was denied effective assistance at trial because counsel: (1) failed conduct an independent investigation; (2) failed to interview witnesses; (3) failed to present

---

[9] Docket Entry No. 14-28, at 11, 14.
[10] Docket Entry No. 14-23.

any defense; and (4) failed to adequately cross-examine the State's witnesses.[11] The state habeas court rejected each of these claims and concluded that Payne failed to demonstrate that trial counsel provided constitutionally ineffective assistance. The record supports the state court's conclusion.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable

---

[11] Docket Entry No. 1, at 6; Docket Entry No. 2, at 10−16.

professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.* A petitioner must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693.

Payne's ineffective-assistance claims were rejected by the state habeas corpus court. As a result, the issue is not whether this Court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citation omitted). Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by

*Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

In his remaining grounds for relief, Payne alleges that trial counsel failed to conduct an investigation into Payne's alibi, failed to interview witnesses, failed to prepare for trial or present a defense, and failed to adequately cross-examine the State's witness. It is clear that "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. In assessing unreasonableness, a heavy measure of deference must be applied to counsel's judgments. *Id.* Whether counsel's investigation was reasonable depends, in part, on the information supplied by the defendant. *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *McCoy v. Lynaugh*, 874 F.2d 954, 964 (5th Cir. 1989)). A habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Counsel "is not required to pursue every path until it bears fruit or until all conceivable hope withers." *Washington v. Strickland*, 673 F.2d 879, 892 (5th Cir. Unit B 1982) (quoting *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir. 1980)).

"Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (citing

14

*Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007)); *see also Sayre v. Anderson*, 238 F.3d 631, 635−36 (5th Cir. 2001) (emphasizing that complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations as to what a witness would have testified are mostly speculative) (citations omitted). To demonstrate the required *Strickland* prejudice on a claim of ineffective assistance in this context, a petitioner "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). "The decision whether to present a witness is considered to be essentially strategic, and "'speculations as to what [uncalled] witnesses would have testified is too uncertain.'" *Gregory*, 601 F.3d at 352–53 (quoting *Alexander*, 775 F.2d at 602).

Due to "the almost infinite variety of possible trial techniques and tactics available to counsel, [a court] is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004) (internal quotation marks and citations omitted); *accord United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (citation omitted). Contrary to Payne's allegations, the record evidence shows no basis to overcome the presumption that trial counsel's strategy and actions were reasonable.

During the state habeas proceedings, trial counsel submitted an affidavit addressing Payne's allegations.[12] In rejecting Payne's ineffective-assistance claims on collateral review, the state habeas court explicitly found trial counsel's affidavit credible. The state court determined, in relevant part:

8.   The Court finds that the affidavit of Joseph S. Owmby filed in this cause is credible and reliable and the facts stated therein are true.

9.   The Court finds based on the credible affidavit of Joseph S. Owmby that counsel reviewed all the offense reports, video surveillance, and witness statements in the primary case.

10.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel interviewed the defendant and his family members.

11.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel interviewed Dionne Davis.

12.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel was unsuccessful in his attempts to contact police officer witnesses.

13.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel investigated and presented mitigating evidence at trial, including evidence presented by the applicant's family members regarding the applicant's upbringing and their opinions of him.

14.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel conducted a reasonable investigation of the primary case under the circumstances.

15.  The applicant fails to show what additional investigation would have shown that likely would have changed the outcome of the case. *Mooney v. State*, 817 S.W.2d 693, 697 (Tex. Crim. App. 1991) (to prevail on an ineffective assistance of counsel claim based on failure to investigate, the applicant must show what additional investigation would have shown).

---

[12] Docket Entries No. 14-27, at 39–43; No. 14-28, at 11.

16. The Court finds based on the credible affidavit of Joseph S. Owmby that counsel made a strategic decision not to have physical evidence tested scientifically because the results of such testing may have been inculpatory of the applicant and linked him to the offense and would not necessarily exculpate the applicant because of his proximity to all of the items when they were found.

17. The Court finds based on the credible affidavit of Joseph S. Owmby that the applicant did not present counsel with any information that would tend to show that the applicant had an alibi in the primary case.

18. The applicant fails to present the Court with proof of any alleged alibi or exculpatory evidence.

19. The Court finds that the applicant admitted his guilt during the punishment phase of trial.

20. The Court finds based on the credible affidavit of Joseph S. Owmby that counsel filed a motion to suppress and objected to introduction of the applicant's custodial statement.

21. The Court finds based on the credible affidavit of Joseph S. Owmby that counsel visited the applicant several times and consulted with him regarding the strength and quantity of circumstantial evidence in the primary case and a companion case (Solid Gold robbery) where the applicant was also charged with robbery as well as pending robbery investigations that had not yet been charged against the applicant.

22. The Court finds based on the credible affidavit of Joseph S. Owmby that counsel advised the applicant of his right to testify and prepared him to potentially testify, including reviewing the applicant's custodial statement with him, advising the applicant that his testimony could be inculpatory, warning him of potential cross-examination questions, and advising him of the proper demeanor to exhibit while testifying, especially if the applicant elected to testify during the punishment phase of trial.

23. The Court finds based on the credible affidavit of Joseph S. Owmby that the applicant made a knowing and voluntary decision not to testify at the guilt phase of trial in the primary case.

24.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel exercised a reasonable trial strategy in the primary case, including attempting to show a reasonable doubt as to the applicant's guilt because of the circumstantial nature of the evidence in the primary case.

25.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel does not recall the applicant presenting him with an alleged receipt that would have tended to show that the applicant was at another location during any relevant part of the offense.

26.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel reasonably concluded that Latoya Holland would not likely provide beneficial testimony for the applicant given that her custodial interview suggested that the applicant placed inculpatory evidence in the vehicle shortly after the robbery and she did not provide counsel beneficial information regarding Solid Gold robbery.

27.  The applicant fails to show that Latoya Holland's testimony likely would have benefitted his case. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) ("[T]he applicant must show that [the witness counsel failed to call] had been available to testify and that [her] testimony would have been of some benefit to the defense.").

28.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel acted objectively reasonably in presenting and arguing the implications of all exculpatory evidence of which he was made aware.

29.  The Court finds based on the credible affidavit of Joseph S. Owmby that counsel acted objectively reasonably in his cross-examination of the State's witnesses, including focusing on the circumstantial nature of the State's case and presenting alternate explanations for witnesses' testimony.

30.  The applicant fails to show that trial counsel erred in the primary case.

31.  The applicant fails to show that but for any alleged error of counsel, the outcome of the trial likely would have been different.

32.  The Court finds that the facts stated in the credible affidavit of Joseph S. Owmby, together with the contents of official trial court records in

cause number 1471584 demonstrate that the totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel.[13]

The trial court further concluded:

2.   Counsel acted objectively reasonable in exercising his trial strategy, which included deciding whether and to what extent to cross-examine the State's witnesses. *See Blott v. State*, 588 S.W.3d 588, 592 (Tex. Crim. App. 1979) (reasoning that the "court will not second-guess through hindsight the strategy of counsel at trial.").

3.   The applicant fails to show that trial counsel's representation fell below an objective standard of reasonableness or that but for counsel's alleged errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

4.   The totality of the representation afforded to the applicant was sufficient to protect his right to the reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987).[14]

The Court of Criminal Appeals expressly based its denial of habeas relief on the trial court's findings, which are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Payne fails to present clear and convincing evidence to rebut the state courts' findings. *Id.*; *see also Miller-El*, 537 U.S. at 330–31. Payne's assertions of unreasonable trial strategy are unsupported by the record. The record clearly shows that counsel made professional decisions as to how best challenge the evidence, and that those decisions were found reasonable by the state court. That Payne disagreed with counsel's decisions and trial strategy does not constitute evidence of ineffective assistance. Under these circumstances,

---

[13] Docket Entry No. 14-28, at 11–14 (internal citations omitted).
[14] *Id.* at 14–15.

Payne fails to demonstrate that counsel's performance fell below an objective standard of reasonableness for professional performance.

Absent a showing of deficient performance or actual prejudice, Payne fails to demonstrate a valid claim of ineffective assistance of trial counsel. To the extent that the state court rejected his claims, Payne does not show that this decision was unreasonable under the doubly deferential standard of review. He is not entitled to federal habeas corpus relief on his ineffective-assistance-of-counsel claims.

## V.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

20

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because Payne has not made the required showing, this Court will not issue a certificate of appealability.

## VI. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 13), is **GRANTED**.

2. Payne's motion for discovery, (Docket Entry No. 16), and motion excluding relevant evidence, (Docket Entry No. 18), are **DENIED**.

3. The petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

4. Any and all remaining pending motions are **DENIED** as moot.

5. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on  SEP 1 6 2019 .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE